David T. McDonald
Admitted *pro hac vice*
K&L Gates LLP
925 4th Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580
Facsimile: (206) 623-7022
Email: david.mcdonald@klgates.com

John J. Cotter
Admitted *pro hac vice*
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston MA 02111-2950
Telephone: (617) 261-3100
Facsimile: (617) 261-3100
Email: john.cotter@klgates.com

Rosemary Alito
K&L Gates LLP
One Newark Center, Tenth Floor
Newark NJ 07102-5285
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Email: rosemary.alito@klgates.com

*Attorneys for defendant Zillow, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SOURCE SEARCH TECHNOLOGIES, LLC, | Civil Action No.: 10-cv-2717-FSH-PS |
| Plaintiff, | Honorable Faith S. Hochberg, U.S.D.J.<br>Honorable Patty Shwartz, U.S.M.J. |
| v. | |
| ZILLOW, INC., | **ANSWER AND COUNTERCLAIM TO SOURCE SEARCH TECHNOLOGIES, LLC'S COMPLAINT FOR PATENT INFRINGEMENT** |
| Defendant. | |

Defendant Zillow, Inc. ("Zillow") respectfully submits this Answer and Counterclaim to plaintiff's Complaint for Patent Infringement ("Complaint"). Except as expressly admitted

hereinafter, Zillow denies each allegation contained the Complaint. In response to the specific allegations of the Complaint, Zillow states as follows:

## THE PARTIES

1. Zillow is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2. Zillow admits the allegations of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, the allegations are denied.

## THE PATENT

6. No additional response is necessary to Plaintiff's reincorporation of earlier allegations, save to point out that Plaintiff attempts to reincorporate its allegations from paragraphs 1 through 9 into paragraph 6. Zillow assumes Plaintiff intended to reincorporate its allegations from paragraphs 1 through 5.

7. Zillow admits that a copy of the '328 patent entitled as alleged appears to be

attached to the Complaint as Exhibit A. The allegation that the '328 patent "legally issued" is a legal conclusion which does not require a response; to the extent a response is required, the allegation is denied. Zillow is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint and therefore denies the same.

## CLAIM FOR PATENT INFRINGEMENT - COUNT ONE

8. No additional response is necessary to Plaintiff's reincorporation of earlier allegations.

9. Zillow denies each and every allegation of paragraph 9 of the Complaint.

10. Zillow denies each and every allegation of paragraph 10 of the Complaint.

11. Zillow denies each and every allegation of paragraph 11 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Zillow denies that Plaintiff is entitled to the relief sought in the prayer or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law or admitting that it bears the burden of proof with respect to any of the following, Zillow alleges as follows:

### First Defense – No Infringement

12. Zillow does not and has not infringed, directly or indirectly, any claim of the '328 patent.

### Second Defense – Issue Preclusion

13. Claims 1-7 and 11-13 of the '328 patent have previously been adjudicated

invalid as obvious under section 103 of the Patent Act in *Source Search Technologies, LLC v. Lending Tree, LLC et al.*, Civ. No. 04-4420 (DRD) (D.N.J. 2008) (holding asserted claims 1-7 and 11-14 invalid.) Plaintiff did not appeal from the ruling of invalidity with respect to any claim other than claim 14 so any claim by Plaintiff against Zillow for infringement of claims 1-7 and/or claims 11-13 are barred by principles of issue preclusion.

**Third Defense – Estoppel**

14. Plaintiff is estopped from construing any claim of the '328 patent to cover or include, either literally or by application of the doctrine of equivalents, any system owned or controlled by or any method practiced by Zillow because of admissions and statements to the United States Patent and Trademark Office in the specification of the '328 patent and/or during prosecution of the application leading the issuance of the '328 patent.

**Fourth Defense – Invalidity**

15. The claims of the '328 patent are invalid for failing to comply with the conditions and requirements of patentability as set forth in United States Patent Laws, Title 35 U.S.C., including specifically §§ 101, 102, 103, and/or 112.

**Fifth Defense – No Irreparable Harm**

16. Plaintiff is not entitled to injunctive relief against Zillow because any alleged injury to Plaintiff would not be immediate or irreparable, and Plaintiff would have an adequate remedy at law.

**Sixth Defense – Failure to State a Claim**

17. Plaintiff fails to state a claim upon which any relief can by granted.

**Seventh Defense – Lack of Knowledge of any Alleged Indirect Infringement**

18. To the extent that Plaintiff asserts that Zillow indirectly infringes, either by

contributory infringement or inducement of infringement, Zillow is not liable to Plaintiff for the acts alleged to have been performed before Zillow knew that its actions would cause indirect infringement.

## COUNTERCLAIM

Defendant Zillow alleges as follows:

### Parties

19. Zillow is a Washington Corporation with its headquarters in Seattle, Washington.

20. On information and belief, Plaintiff Source Search Technologies, LLC ("Plaintiff" or "SST") is a New Jersey limited liability company located in Upper Saddle River, New Jersey. Because SST is the plaintiff in this action, SST may be served with a copy of this Counterclaim by serving this document in accordance with Fed. R. Civ. P. 5.

### Jurisdiction and Venue

21. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201-2202, 1338 and 1331. A real, immediate, and justiciable controversy exists between Zillow and SST. The controversy relates to the non-infringement and invalidity of U.S. Patent No. 5,758,328 ("the '328 patent"). SST has accused Zillow of infringing the '328 patent.

22. SST is subject to personal jurisdiction and venue in the District of New Jersey by virtue of its contacts with the State of New Jersey. As the plaintiff in this case, SST has consented to the jurisdiction and venue of this Court.

### Declaratory Judgment

23. Zillow incorporates as though fully set forth herein its affirmative defenses, paragraphs 12 through 20 above.

24. Zillow's system and methods do not infringe any claim of the '328 patent notwithstanding SST's allegations to the contrary. Zillow therefore seeks a declaratory judgment under 28 U.S.C. §§ 2201-2202 that its systems and methods do not infringe any claim of the '328 patent.

25. Because SST is barred by principles issue preclusion from asserting that claims 1-7 and 11-13 of the '328 patent are non-obvious and valid, Zillow seeks a declaratory judgment under 28 U.S.C. §§ 2201-2202 that those claims are invalid under 35 U.S.C. § 103.

26. The claims of the '328 patent are invalid for failing to comply with the conditions and requirements of patentability as forth in United States Patent Laws, Title 35 U.S.C., including specifically §§ 101, 102, 103, and/or 112. Therefore Zillow seek a declaratory judgment under 28 U.S.C. §§ 2201-2202 that all of the claims of the '328 patent are invalid.

**Attorneys' Fees and Costs**

27. Zillow is entitled to a declaration that this case is "exceptional" within the meaning of the 35 U.S.C. § 285, further entitling Zillow to an award of its reasonable and necessary attorneys' fees, expenses and costs incurred in this case.

**Jury Demand**

28 Zillow demands a trial by jury on all issues so triable.

**Zillow's Prayer for Relief**

WHEREFORE, Zillow respectfully requests the following relief:

A. Judgment that U.S. Patent No. 5,758,328 is not infringed by Zillow;

B. Judgment that U.S. Patent No. 5,758,328 is invalid and/or that SST is barred from asserting claims 1-7 and 11-13 by principles of issue preclusion;

C. A declaration that this case is exceptional within the meaning of the 35 U.S.C. § 285;

D. An award of Zillow's reasonable and necessary attorneys' fees, expenses and costs incurred in this case;

E. Dismissal with prejudice of Plaintiff's Complaint for Patent Infringement; and

F. Such other and further relief as this Court deems just and proper.

DATED this 20th day of July, 2010.

**K&L GATES LLP**
Attorneys for Defendant

By: /s/ Rosemary Alito
One Newark Center- 10th Floor
Newark, NJ 07102
Telephone (973) 848-4000
Fax (973) 848-4001
Email: rosemary.alito@klgates.com

## L. Civ. R. 11.2 CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding, that no other action or arbitration proceeding is contemplated and that there are no other parties currently known who should be joined in this action.

**K&L GATES LLP**
Attorneys for Defendant

By: /s/ Rosemary Alito
One Newark Center- 10th Floor
Newark, NJ 07102
Telephone (973) 848-4000
Fax (973) 848-4001
Email: rosemary.alito@klgates.com

Dated: July 20, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record

By: /s/ Rosemary Alito
Rosemary Alito

Dated: July 20, 2010